UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE CIGNA-AMERICAN SPECIALTY HEALTH ADMINISTRATIVE FEE LITIGATION

This Document Relates To:

ALL ACTIONS

CAROL LIETZ, *et al.*, *on behalf of themselves and all others similarly situated*,

        Plaintiffs,

v.

CIGNA CORPORATION; CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA HEALTH AND LIFE INSURANCE COMPANY; AMERICAN SPECIALTY HEALTH INCORPORATED; AND AMERICAN SPECIALTY HEALTH GROUP, INC.,

        Defendants.

Case No. 2:16-cv-03967-NIQA

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT; FINAL JUDGMENT; AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS; AND <u>ORDER OF DISMISSAL WITH PREJUDICE</u>

**WHEREAS**, Plaintiffs Carol Lietz, Kathleen Kilroy, Jianliang Zhu and Joyce Allen, individually and on behalf of the Settlement Class Members, as defined below, and Defendants Cigna Corporation, Connecticut General Life Insurance Company, and Cigna Health and Life Insurance Company (together, "Cigna"); and American Specialty Health Incorporated and American Specialty Health Group, Inc. (together, "ASH," and together with Cigna, "Defendants") (with Plaintiffs and Defendants collectively referred to herein as the "Parties"), have agreed to

settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement dated March 25, 2019 and all exhibits thereto;

**WHEREAS**, on April 8, 2019 (DE No. 90), this Court entered a Preliminary Approval Order that conditionally certified pursuant to Federal Rule of Civil Procedure 23, for settlement purposes only, a class consisting of:

> Collectively, any Plan Member[1] whose Plan benefits and/or cost share under a Plan were determined based on ASH's charges to Cigna through the Final Approval Date for the following types of services: chiropractic, acupuncture, massage therapy, naturopathy, physical therapy, or occupational therapy (the "Settlement Class").

**WHEREAS**, in the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Final Approval Hearing ("Notice") directed to members of the Class and the Summary Notice;

**WHEREAS**, during the period of May 6, 2019 through May 24, 2019, the Settlement Administrator caused the Notice to be mailed to all members of the Class, which informed members of the Class of the Settlement terms and that the Court would consider the following issues at the Final Approval Hearing: (i) whether the Court should grant final approval to the Settlement; (ii) the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; (iii) whether to approve the payment of the Service Awards to the Class Representatives and the amount of the Service Awards; and (iv) any objections by members of the Class to any of the above that were timely and properly served in accordance with the Preliminary Approval Order;

**WHEREAS**, on May 13, 2019, the Settlement Administrator caused the Summary Notice to be published in the Wall Street Journal and once over a national newswire service.

---

[1] A "Plan Member" is an individual who was or is covered by or entitled to receive benefits pursuant to an employee welfare benefit plan that is insured by and/or for which Cigna administers claims for benefits and is established and maintained under ERISA (a "Plan").

**WHEREAS**, the Settlement Administrator provided notice to the appropriate state and federal officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715;

**WHEREAS**, on June 10, 2019, Plaintiffs moved unopposed for final approval of the Settlement Class ("Plaintiffs' Motion for Final Approval");

**WHEREAS,** on June 10, 2019, Class Counsel filed an application for (i) attorneys' fees and expenses and (ii) the Service Awards to Lead Plaintiffs (the "Fee Application");

**WHEREAS**, this Court finds that the papers are detailed and sufficient to rule on Plaintiffs' Motion for Final Approval and the Fee Application on the papers; and

**WHEREAS**, this Court, having heard from Class Counsel on behalf of the Settlement Class, and from Defendants' Counsel, and having reviewed all other arguments and submissions presented by all interested persons and entities with respect to the Settlement and the Fee Application; and

**WHEREAS**, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

**ORDERED, ADJUDGED, DECREED, AND FOUND THAT:**

1. This case arises out of Plaintiffs' allegations, *inter alia*, that Cigna and ASH charged ASH's administrative fees to Plan Members and Plans, violated the written terms of ERISA plan documents, and misrepresented the fees in explanation of benefit forms, and that in so doing Cigna and ASH violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000, *et seq.* ("ERISA").

2. After extensive settlement negotiations, including a formal mediation, the Parties agreed to settle this case.

3. The Settlement Agreement provides substantial and meaningful relief to the Settlement Class, including through the business reforms specified in Section 2.2 of the Settlement Agreement regarding additional disclosures related to charges that Plan Members may be responsible to pay towards health benefit claims for services provided through ASH.

4. The Settlement Agreement provides for a settlement under which members of the Settlement Class who paid co-insurance or deductible amounts based on ASH's charges to Cigna, rather than the ASH contracted provider's charges to ASH, will receive *pro rata* payment from the Net Settlement Fund.

5. The Settlement Class as provided in the Preliminary Approval Order is unconditionally certified pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3) for the purposes of the Settlement only. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is in the thousands and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of this Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual Settlement Class Members that would establish incompatible standards of conduct for Defendants; (f) Defendants have acted on grounds that apply generally to the Settlement Class, so that the benefits provided in the Settlement Agreement are appropriate for the Settlement Class as a whole; (g) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member;

and (h) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. Excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members who are listed on the Exclusion Report set forth in Exhibit A to the Supplemental Declaration of Eric Schachter (ECF # 99-1), whose requests to Opt Out from the Settlement Class are hereby accepted by the Court.

A. The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by trial of a class action involving the issues in the Action.

B. For the purposes of Settlement only, Plaintiffs Carol Lietz, Kathleen Kilroy, Jianliang Zhu and Joyce Allen are confirmed as the Class Representatives of the Settlement Class, and Steven A. Schwartz and Mark B. DeSanto of Chimicles Schwartz Kriner & Donaldson-Smith LLP, and D. Brian Hufford, Jason S. Cowart, Jason M. Knott, and Nell Z. Peyser of Zuckerman Spaeder LLP, are confirmed as Co-Lead Class Counsel.

6. Notice to the members of the Settlement Class required by Federal Rule of Civil Procedure 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the members of the Settlement Class, has satisfied the requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and all other applicable laws.

7. Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* Defendants, through the Settlement Administrator, timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to appropriate state and federal officials under the Class Action Fairness Act. The notice contains the documents and

information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

8. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class. Plaintiffs and Defendants are directed to promptly consummate the Settlement in accordance with the Settlement Agreement and all of its terms.

9. The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of Defendants, Plaintiffs, the Settlement Class Members, or Released Parties.

10. The Action is hereby dismissed, with prejudice, on the merits, as against the Defendants, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein and in the Settlement Agreement.

11. Plaintiffs, each Settlement Class Member, and each Releasing Party who are not listed on the Exclusion Report set forth in Exhibit A to the Supplemental Declaration of Eric Schachter (ECF # 99-1) shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties in the manner(s) set forth in Section 6 of the Settlement Agreement.

12. Plaintiffs, each Settlement Class Member, and each Releasing Party who are not listed on the Exclusion Report set forth in Exhibit A to the Supplemental Declaration of Eric Schachter (ECF # 99-1) are permanently barred and enjoined from asserting, commencing,

prosecuting, or continuing any of the Released Claims. To protect the privacy of the persons who timely requested exclusion from the Settlement Class, the names of the persons listed on the Exclusion Report have been redacted from the version filed at ECF #99-1. An unredacted version of the Exclusion Report shall be maintained by the Settlement Administrator AB Data, Class Counsel, and Defendants' counsel.

13. Class Service Awards are hereby awarded to the Class Representatives in the amount of $10,000 each, to be deducted from the Total Settlement Fund.

14. Class Counsel are hereby awarded (i) attorneys' fees in the amount of $2,750,000 (one-third of the Total Settlement Fund) plus (ii) reimbursement of their reasonable expenses in the amount of $133,211.80, to be deducted from the Total Settlement Fund.

15. The award of attorneys' fees to Class Counsel shall be allocated among Class Counsel in a fashion that, in the opinion of Class Counsel, fairly compensates them for their respective contributions in the prosecution of the Action. In making its award of attorneys' fees and reimbursement of expenses, in the amounts described in paragraph 14 above, the Court has considered and finds as follows:

    a. The Settlement has provided significant relief to the Settlement Class;

    b. Defendants' agreement to undertake certain business reforms was a negotiated, material term of the Settlement;

    c. The Notice and Summary Notice constituted the best notice practicable to Settlement Class Members consistent with the requirements of due process;

d. The Action involves complex factual and legal issues and, in the absence of the Settlement, would involve further lengthy proceedings and uncertain resolution of such issues;

e. Had the Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants, and that any recovery would have been significantly delayed, which would have resulted in the continued exposure of Settlement Class Members to the challenged representations; and

f. The amount of attorneys' fees and reimbursable expenses awarded to Class Counsel, the Service Awards awarded to Class Representatives, and the Plan of Allocation are fair and reasonable.

16. Defendants and the Released Parties shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Plaintiffs or Settlement Class Members in connection with the Action, beyond those expressly provided in the Settlement Agreement.

17. Any appeal or challenge affecting the approval of: (a) the Plan of Allocation and/or (b) this Court's approval regarding any attorneys' fees, expenses, or Service Awards shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective date of the Settlement.

18. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to the Federal Rules of Civil Procedure.

19. Jurisdiction is reserved, without affecting the finality of this Final Approval Order and Judgment, over:

a. Effectuating the Settlement and the terms of the Settlement Agreement, including the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of expenses, including any interest accrued thereon;

b. Supervising all aspects of the administration of the Settlement;

c. Determining whether, in the event an appeal is taken from any aspect of this Final Approval Order and Judgment, notice should be given at the appellant's expense to some or all Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

d. Enforcing and administering the Settlement Agreement and the Settlement, including any releases executed in connection therewith, and the provisions of this Final Approval Order and Judgment;

e. Adjudicating any disputes that arise under the Settlement Agreement; and

f. Any other matters related or ancillary to the foregoing.

20. The above-captioned Action is hereby dismissed in its entirety with prejudice.

**IT IS SO ORDERED**.

Dated: Aug 29, 2019

*/s/ Nitza I. Quiñones Alejandro*
Nitza I. Quinones-Alejandro, U.S.D.J.